Steven H. Aden, Esq. (DC Bar No. 466777)
Gregory S. Baylor, Esq. (TX Bar No. 1941500)
Timothy J. Tracey, Esq. (GA Bar No. 715195)
RELIGIOUS LIBERTY ADVOCATES
  OF THE CHRISTIAN LEGAL SOCIETY
4208 Evergreen Lane, Suite 222
Annandale, VA  22003-3264
Tel: (703) 642-1070
Fax: (703) 642-1074

Timothy Smith, Esq. (No. 125534)
MCKINLEY & SMITH, A Professional Corporation
3445 American River Dr., Suite A
Sacramento, CA  95864
Tel: (916) 972-1333
Fax: (916) 972-1335
tim@calinjurylaw.com

Steven Burlingham, Esq. (No. 88544)
GARY, TILL & BURLINGHAM
5330 Madison Ave., Suite F
Sacramento, CA 95841
Tel: (916) 332-8112
Fax: (916) 332-8153

Of Counsel:

Benjamin W. Bull, Esq. (AZ Bar No. 009940)
Gary S. McCaleb, Esq. (AZ Bar No. 018848)
ALLIANCE DEFENSE FUND
15333 North Pima Road, Suite 165
Scottsdale, AZ  85260
Tel: (800) 835-5233
Fax: (480) 444-0028

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTIAN LEGAL SOCIETY CHAPTER OF THE UNIVERSITY OF CALIFORNIA, HASTINGS COLLEGE OF THE LAW a/k/a HASTINGS CHRISTIAN FELLOWSHIP, a student organization at University of California, Hastings College of the Law, | Civil Action No.: C 04 4484 JSW  <br><br> Action Filed: October 22, 2004  <br><br> FIRST AMENDED VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

|   |   |
|---|---|
| Plaintiff, | ) Judge: Hon. Jeffery S. White |
| vs. | ) |
| MARY KAY KANE, *et al.*, | ) |
| Defendants. | ) |

COMES NOW Plaintiff, Christian Legal Society Chapter of University California, Hastings College of the Law, a/k/a Hastings Christian Fellowship, by and through its undersigned counsel, Timothy Smith, Esq. and Steven Burlingham, Esq. and Gregory S. Baylor, Esq., Steven H. Aden, Esq. and Timothy J. Tracey, Esq., Religious Liberty Advocates of the Christian Legal Society, and Benjamin W. Bull, Esq. and Gary S. McCaleb, Esq. of the Alliance Defense Fund, and hereby brings the following causes of action against Defendants Mary Kay Kane, in her official capacity as Chancellor and Dean of University of California, Hastings College of the Law; Judy Chapman, in her official capacity as Director of Student Services for University of California, Hastings College of the Law; and Maureen E. Corcoran, Eugene L. Freeland, Carin T. Fujisaki, John T. Knox, Jan Lewenhaupt, James E. Mahoney, Brian D. Monaghan, Bruce L. Simon, John K. Smith, and Tony West, in their official capacities as the Board of Directors of University of California, Hastings College of the Law. In support of its claims for relief, Plaintiff alleges and avers as follows:

JURISDICTION AND VENUE

1.1   Plaintiff Hastings Christian Fellowship brings this civil rights action pursuant to 42 U.S.C. § 1983 and § 1988 for deprivations of Plaintiff's rights secured by the First and Fourteenth Amendments to the United States Constitution.

1.2   Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. § 1983. Jurisdiction is also conferred on this Court by 28 U.S.C. § 1331 because the cause of action arises under the Constitution and laws of the United States. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because, upon information and belief, the Defendants reside in the Northern District of California and may be found and served in the Northern District of

California, and because a substantial part of the events or omissions giving rise to these claims arose in this District.

1.3     Intradistrict Assignment: A substantial part of the events giving rise to this claim occurred within the City and County of San Francisco.

PARTIES

2.1     Plaintiff Christian Legal Society Chapter of University California, Hastings College of the Law, a/k/a Hastings Christian Fellowship is an unincorporated student organization of University of California, Hastings College of the Law in San Francisco, California.  It is a local chapter of the national organization known as the Christian Legal Society, an IRC 501(c)(3)-qualified religious professional membership organization.  HCF is capable of suing in its own name and has standing to bring this action in its own name and on behalf of its individual members.

2.2     Defendant Mary Kay Kane is the Chancellor and Dean of University of California, Hastings College of the Law, a public law school founded by the California State Assembly and operated by the State of California.  Her duties include, among others, coordinating with the Board of Directors, implementing the policies of the Board, and representing the University of California, Hastings College of the Law ("UC Hastings") before the California State Assembly.  The Office of the Chancellor and Dean is located at 200 McAllister Street, San Francisco, California  94102.  Chancellor Kane is sued in her official capacity.

2.3     Defendant Judy Chapman is the Director of Student Services for University of California, Hastings College of the Law.  Her duties include, among others, oversight of the registration of student organizations at UC Hastings and review of student initiated grievances regarding discriminatory practices and violation of privacy rights.  The Office of Student Services is located at 200 McAllister Street, San Francisco, California  94102. Ms. Chapman is sued in her official capacity.

2.4     Defendants Maureen E. Corcoran, Eugene L. Freeland, Carin T. Fujisaki, John T. Knox, Jan Lewenhaupt, James E. Mahoney, Brian D. Monaghan, Bruce L. Simon, John K.

Smith, and Tony West are members of the Board of Directors of UC Hastings and are responsible for, among other things, governance of UC Hastings. Their offices are located at 200 McAllister Street, San Francisco, California 94102. They are sued in their official capacities.

## FACTUAL BACKGROUND

3.1   Christian Legal Society is a nationwide association of Christian lawyers, law students, law professors, and judges. The organization's purposes include providing a means of society, fellowship, and nurture among Christian lawyers; promoting justice, religious liberty, and biblical conflict resolution; encouraging, discipling, and aiding Christian law students; and encouraging lawyers to furnish legal services to the poor. In furtherance of its purposes, the national Christian Legal Society organization maintains both attorney and law student chapters across the country.

3.2   All members of the national Christian Legal Society, including student members, must sign a Statement of Faith indicating that the member holds certain Christian viewpoints commonly regarded in both the Roman Catholic and Protestant evangelical traditions as orthodox. A true and correct copy of the New Member Application which includes the Statement of Faith is attached as Exhibit A.

3.3   HCF is the local UC Hastings chapter of the national Christian Legal Society organization. HCF is a student organization at UC Hastings, and, until the 2004-2005 academic year, has been officially recognized by the College as a registered student organization.

3.4   HCF is governed by a chapter constitution. A true and correct copy of the HCF Constitution is attached as Exhibit B.

3.5   Any student is welcome to participate in HCF meetings and other activities, regardless of religion, sexual orientation, or membership or non-membership in any other protected class. However, pursuant to the constitution and rules for CLS student chapters of the national Christian Legal Society, HCF requires its members and officers to sign the national Christian Legal Society's Statement of Faith.

3.6   HCF incorporates these officer and membership requirements into its chapter

constitution.

3.7   Specifically, HCF's Chapter Constitution provides:

All members and officers of this Chapter must agree to and affirm the following Statement of Faith:

Trusting in Jesus Christ as my Savior, I believe in:

- One God, eternally existent in three persons, Father, Son and Holy Spirit.
- God the Father Almighty, Maker of heaven and earth.
- The Deity of our Lord, Jesus Christ, God's only Son conceived of the Holy Spirit, born of the virgin Mary; His vicarious death for our sins through which we receive eternal life; His bodily resurrection and personal return.
- The presence and power of the Holy Spirit in the work of regeneration.
- The Bible as the inspired Word of God.

Exhibit B, at p. 1.

3.8   HCF interprets its Statement of Faith to require that officers adhere to orthodox Christian beliefs, including the Bible's prohibition of sexual conduct between persons of the same sex.  A person who engages in homosexual conduct or adheres to the viewpoint that homosexual conduct is not sinful would not be permitted to become a member or serve as an HCF officer.  A person who may have engaged in homosexual conduct in the past but has repented of that conduct, or who has homosexual inclinations but does not engage in or affirm homosexual conduct, would not be prevented from becoming a member or serving as an officer.

3.9   The mission of HCF is to maintain a vibrant Christian law fellowship on the UC Hastings campus which enables its members, individually and as a group, to fulfill the Christian mandate to love God and to love their neighbors as themselves.  Exhibit B, at p. 1.

3.10   HCF believes that in order to achieve its mission, it must require its members and officers to sign, affirm, and endeavor to live their lives in a manner consistent with its Statement of Faith.

3.11   Individuals who refuse to adhere to HCF's Statement of Faith are not permitted to be members or officers.

3.12   UC Hastings is a public law school located in San Francisco, California and part of the University of California system of schools.

3.13   UC Hastings permits students to form and register "student organizations."

3.14   To date, UC Hastings has registered 54 student organizations ranging from the Clara Foltz Feminist Association to Hastings Republicans.  *See* UC Hastings College of the Law, 2004-2005 Registered Student Organizations.  A true and correct copy of the UC Hastings College of the Law, 2004-2005 Registered Student Organizations is attached as Exhibit C.  Of the 54 registered student organizations, only 3 are religious or spiritual student organizations.  *See id.*

3.15   Student groups at UC Hastings must be recognized as a "registered student organization" in order to use College facilities for meetings or to receive funding.  Recognition as a UC Hastings student organization conveys numerous additional substantial benefits and privileges.  Additional benefits of forming a registered student organization include, but are not limited to:

(a)   Use of designated UC Hastings bulletin boards for announcements of interest to organization members and the student body;

(b)   Use of the Student Information Center for distribution of organization materials to the UC Hastings community;

(c)   Listing on the Office of Student Services' website and any hard copy lists;

(d)   Participation in the Student Organizations' Faire;

(e)   Access to all services offered by the Office of Student Services, including organization consultation, workshops, financial consulting and training, and publications;

(f)   Access to UC Hastings' publications, including the "Hastings Weekly;"

(g)   Placement of organizational materials in 1L orientation packets;

(h)   Listing organization announcements on classroom chalkboards;

(i)   Placement of announcements in the Student Event Calendar, delivered weekly to UC Hastings students via email; and

(j)   Eligibility to enter into a License Agreement with UC Hastings for use of the College name.

3.16   As a condition of becoming a "registered student organization" at UC Hastings and thereby gaining access to the benefits and privileges enumerated above, the University requires an organization to agree to and abide by the "Policies and Regulations Applying to College Activities, Organizations and Students."  "All registered students organizations will comply with the Policies and Regulations Apply to College Activities, Organizations and Students as stated in the Handbook for Student Organizations."  University of California, Hastings College of the Law, Student Organization Registration , p. 19.  A true and correct copy of University of California, Hastings College of the Law, Student Organization Registration is attached as Exhibit D.

3.17   Among other things, the Policies and Regulations Applying to College Activities, Organizations and Students require student organizations to abide by the Policy On Nondiscrimination.  A true and correct copy of the relevant Policies and Regulations Applying to College Activities, Organizations and Students is attached as Exhibit E.

3.18   The Policy on Nondiscrimination provides in pertinent part:

> The University of California, Hastings College of the Law shall not discriminate unlawfully on the basis of race, color, religion, national origin, ancestry, disability, age, sex or sexual orientation. This nondiscrimination policy covers admission, access and treatment in Hastings-sponsored programs and activities.

Exhibit E, at p. 69.

3.19   "All groups, including administration, faculty, student governments, College-owned student residence facilities and programs sponsored by the College, are governed by" the Policy on Nondiscrimination.  Exhibit E, at p. 69.  The policy precludes student organizations from considering religion or sexual orientation in the selection of officers or members.

3.20   A student organization's registration "must be approved by the Director of Student Relations and Service at the beginning of each academic year" in order to affirm the group's compliance with UC Hastings' policies and to ensure the Office of Student Services has up-to-date information concerning officers and members.  Exhibit E, at p. 66.

3.21   If a student organization violates any law or policy of UC Hastings, including the Policy on Nondiscrimination, "they will be subject to revocation of registration, loss of

1   privileges, or other sanctions for violation of such policies or regulations." Exhibit E, at p. 67.

RECENT DEVELOPMENTS

4.1   In early September 2004, HCF submitted its constitution and registration form to Defendant Judy Chapman for the annual renewal of its registered status with the UC Hastings' Office of Student Services.

4.2   HCF's constitution stated that the group would not discriminate on the basis of race, color, national origin, ancestry, disability, age, or sex. However, HCF maintained that it would still consider religion and sexual orientation in the selection of officers and members.

4.3   Defendant Chapman warned HCF co-leaders, Dina Haddad and Isaac Fong, that HCF's disagreement with UC Hastings' Policy on Nondiscrimination would likely bar the group from status as a registered student organization.

4.4   On or about September 23, 2004, HCF hand-delivered to Defendant Chapman a letter providing a brief overview of the membership and leadership policies of the Christian Legal Society and a synopsis of the pertinent law which HCF believed favored Defendant Chapman approving HCF's registration form.

4.5   On or about October 1, 2004, UC Hastings informed HCF that "to be one of our student-recognized organizations, [HCF] must open its membership to all students irrespective of their religious beliefs or sexual orientation." Letter from UC Hastings to HCF dated October 1, 2004. A true and correct copy of the Letter from UC Hastings to HCF dated October 1, 2004 is attached Exhibit F.

4.6   On or about October 12, 2004, Ms. Haddad received an email from Defendant Chapman informing her that the $250.00 in student activities funds set aside for HCF officers to travel to the Christian Legal Society's National Conference had been withdrawn.

4.7   Since receiving the October 1, 2004 letter from UC Hastings, HCF has been denied access to classroom chalkboards, bulletin boards, and all other channels of communications in order to announce its meetings or recruit members from the UC Hastings community.

4.8   HCF desires the privileges and status of being recognized by UC Hastings as a

registered student organization.

4.9 HCF objects to the Policy on Nondiscrimination that requires HCF to open its membership and officer positions to all students regardless of religion or sexual orientation.

4.10 HCF's objections to the Policy on Nondiscrimination stem from its members' sincerely held religious beliefs.

4.11 HCF does not object to the University policies forbidding discrimination on the basis of race, color, national origin, ancestry, disability, age, or sex.

4.12 By enacting and enforcing the Policy on Nondiscrimination forbidding HCF to discriminate on the basis of religion or sexual orientation, refusing to recognize HCF's constitutional right to an exemption from said policy, and withholding from HCF the status and benefits of a registered student organization, UC Hastings has engaged in discrimination against HCF and its members based on the content and viewpoint of their speech and sent a message of exclusion and disfavor of HCF and its members by Defendants, resulting in a chilling impact on HCF's efforts at recruitment, association and dissemination of its message.

4.13 All alleged acts of the Defendants, their officers, agents, servants, employees, or persons acting at their behest or direction, were done and are continuing to be done under the color of state law, including the statutes, regulations, customs, policies and usages of the State of California, and pursuant to policies and/or customs established by UC Hastings through Defendants.

4.14 Unless and until enforcement of the Defendants' policies regarding the Policy on Nondiscrimination is enjoined, HCF and its members and similarly situated religious organizations will suffer and continue to suffer irreparable harm to their federal and state rights of free association, freedom of speech and free exercise of religion.

COUNT I

FREEDOM OF EXPRESSIVE ASSOCIATION

UNITED STATES CONST. AMEND. I

5.1 HCF restates and realleges each allegation set forth in paragraphs 1.1 through 4.13 as if set forth verbatim herein.

5.2     By enacting and enforcing the Policy on Nondiscrimination forbidding HCF to discriminate on the basis of religion or sexual orientation, refusing to recognize HCF's constitutional right to an exemption from said policy, withholding from HCF the status and benefits of a registered student organization, and engaging in direct and subtle forms of retaliation against HCF and its members, Defendants have violated and will continue to violate the right to freedom of expressive association guaranteed to HCF and its members by the First Amendment to the United States Constitution and made applicable to the states and their political subdivisions by the Fourteenth Amendment.

## COUNT II
## FREE SPEECH
## UNITED STATES CONST. AMEND. I

6.1     HCF restates and realleges each allegation set forth in paragraphs 1.1 through 5.2 as if set forth verbatim herein.

6.2     By enacting and enforcing the Policy on Nondiscrimination forbidding HCF to discriminate on the basis of religion or sexual orientation, refusing to recognize HCF's constitutional right to an exemption from said policy, withholding from HCF the status and benefits of a registered student organization, and engaging in direct and subtle forms of retaliation against HCF and its members, Defendants have violated and will continue to violate the right to free speech guaranteed to HCF and its members by the First Amendment to the United States Constitution and made applicable to the states and their political subdivisions by the Fourteenth Amendment.

## COUNT III
## ESTABLISHMENT CLAUSE
## UNITED STATES CONST. AMEND. I

7.1     HCF restates and realleges each allegation set forth in paragraphs 1.1 through 6.2 as if set forth verbatim herein.

7.2     By enacting and enforcing the Policy on Nondiscrimination forbidding HCF to discriminate on the basis of religion or sexual orientation, refusing to recognize HCF's

constitutional right to an exemption from said policy, withholding from HCF the status and benefits of a registered student organization, and engaging in direct and subtle forms of retaliation against HCF and its members, Defendants have violated and will continue to violate the Establishment Clause of the First Amendment to the United States Constitution and made applicable to the states and their political subdivisions by the Fourteenth Amendment.

## COUNT IV

### DUE PROCESS

### UNITED STATES CONST. AMEND. XIV

8.1  HCF restates and realleges each allegation set forth in paragraphs 1.1 through 7.2 as if set forth verbatim herein.

8.2  By adopting the University Nondiscrimination Policy that fails to provide HCF with fair notice as to whether or not its leadership and membership practices comply with the nondiscrimination requirement and tasking University officials with enforcing the Policy on Nondiscrimination without providing criteria or guidelines to govern its enforcement, Defendants have violated and will continue to violate the right of due process guaranteed to HCF and its members by the Fourteenth Amendment to the United States Constitution.

## COUNT V

### FREE EXERCISE CLAUSE

### UNITED STATE CONST. AMEND I

9.1  HCF restates and realleges each allegation set forth in paragraphs 1.1 through 8.2 as if set forth verbatim herein.

9.2  By enacting and enforcing the Policy on Nondiscrimination forbidding HCF to discriminate on the basis of religion or sexual orientation, refusing to recognize HCF's constitutional right to an exemption from said policy, withholding from HCF the status and benefits of a registered student organization, and engaging in direct and subtle forms of retaliation against HCF and its members, Defendants have violated and will continue to violate the right to free exercise of religion guaranteed to HCF and its members by the First Amendment

to the United States Constitution and made applicable to the states and their political subdivisions by the Fourteenth Amendment.

## COUNT VI

### EQUAL PROTECTION CLAUSE

### UNITED STATES CONST. AMEND. XIV

10.1    HCF restates and realleges each allegation set forth in paragraphs 1.1 through 9.2 as if set forth verbatim herein.

10.2    Religious student organizations, like HCF, are similarly situated to other UC Hastings's student organizations that associate around adherence to a particular set of ideals and/or beliefs, whether those be political, such as the Hastings Republicans, social, such as The Environmental Law Society, or cultural, such as the Asian/Pacific American Law Student Association.

10.3    Although HCF is similarly situated to these political, social, and cultural student organizations, Defendants treat religious student organizations, like HCF, differently from these groups.  Defendants' Policy on Nondiscrimination permits political, social, and cultural student organizations to select officers and members dedicated to their organization's ideals and beliefs. The Policy on Nondiscrimination, however, prohibits religious student organizations, like HCF, from selecting officers and members dedicated to a particular set of religious ideals or beliefs.

10.4    Defendants intended to discriminate invidiously against religious student organizations, like HCF, and single out such groups for disparate treatment.

10.5    Accordingly, Defendants have denied and will continue to deny the equal protection of the laws guaranteed to HCF and its members as a religious association by the Fourteenth Amendment to the United States Constitution.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff HCF respectfully requests that this Court order the following relief:

(1)    A declaration that Defendants' Policy on Nondiscrimination is unconstitutional facially and as applied against Plaintiff and similarly situated religious

|   |   |   |
|---|---|---|
| 1 |  | organizations who desire to select members and officers based upon their shared religious beliefs and/or viewpoint regarding homosexual conduct; |
| 3 | (2) | A preliminary and permanent injunction enjoining Defendants from requiring Plaintiff and similarly situated religious organizations from adhering to the Policy on Nondiscrimination with respect to religion and sexual orientation; and prohibiting Defendants, their employees, officers, employees and agents, and all persons acting by and through them, from withholding the privileges, benefits, or incidents of registered status from Plaintiff and similarly situated organizations and from retaliating against Plaintiff and its members directly or indirectly for exercising their constitutional rights; |
| 11 | (3) | An award of reasonable costs and attorneys' fees incurred by Plaintiff in prosecuting this action pursuant to 42 U.S.C. § 1988; and |
| 13 | (4) | Such other and further relief as the Court deems just and proper under the circumstances. |

Respectfully submitted this 3rd day of May, 2005

/s/ Steven H. Aden
Steven H. Aden (DC Bar No. 466777)
(*Admitted Pro Hac Vice*)
Gregory S. Baylor (TX Bar No. 1941500)
(*Admitted Pro Hac Vice*)
Timothy J. Tracey (GA Bar No. 715195)
(*Admitted Pro Hac Vice*)
RELIGIOUS LIBERTY ADVOCATES
 OF THE CHRISTIAN LEGAL SOCIETY
4208 Evergreen Lane, Suite 222
Annandale, VA  22003-3264
Tel: (703) 642-1070
Fax: (703) 642-1074

Timothy Smith (No. 125534)
MCKINLEY & SMITH, A Professional Corporation
3445 American River Dr., Suite A
Sacramento, CA  95864
Tel: (916) 972-1333
Fax: (916) 972-1335

1
2   Steven Burlingham (No. 88544)
    GARY, TILL & BURLINGHAM
3   5330 Madison Ave., Suite F
    Sacramento, CA 95841
4   Tel: (916) 332-8112
    Fax: (916) 332-8153
5
6   Of Counsel:
7   Benjamin W. Bull (AZ Bar No. 009940)
    Gary S. McCaleb (AZ Bar No. 018848)
8   ALLIANCE DEFENSE FUND
    15333 North Pima Road, Suite 165
9   Scottsdale, AZ  85260
    Tel: (800) 835-5233
10  Fax: (480) 444-0028
11
    ATTORNEYS FOR PLAINTIFF
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing First Amended Verified Complaint for Declaratory and Injunctive Relief was served via the Court's CM/ECF system on the following persons:

> Ethan P. Schulman
> Dipanwita Deb Amar
> Matt R. Schultz
> HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
> A Professional Corporation
> Three Embarcadero Center, 7th Floor
> San Francisco, CA  94111-4024

This 3rd day of May, 2005.

> /s/ Steven H. Aden
> Steven H. Aden