IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN LEGAL SOCIETY CHAPTER OF THE UNIVERSITY OF CALIFORNIA, HASTINGS COLLEGE OF THE LAW a/k/a HASTINGS CHRISTIAN FELLOWSHIP, a student organization at University of California, Hastings College of the Law,<br><br>Plaintiff,<br><br>v.<br><br>MARY KAY KANE, in her official capacity as Chancellor and Dean of the University of California, Hastings College of the Law; JUDY CHAPMAN, in her official capacity as Director of Student Services for University of California, Hastings College of the Law; and MAUREEN E. CORCORAN, EUGENE L. FREELAND, CARIN T. FUJISAKI, JOHN T. KNOX, JAN LEWENHAUPT, JAMES E. MAHONEY, BRIAN D. MONAGHAN, BRUCE J. SIMON, JOHN K. SMITH, and TONY WEST, in their official capacities as the Board of Directors of University of California, Hastings College of the Law,<br><br>Defendants. | No. C 04-04484 JSW<br><br>**ORDER GRANTING HASTINGS OUTLAW'S MOTION TO INTERVENE** |

Hastings OUTLAW ("Outlaw") has filed a motion to intervene in this action brought by the plaintiff Christian Legal Society Chapter of University of California, Hastings College of the Law, a/k/a Hastings Christian Fellowship ("HCF"), against defendants Maureen E. Corcoran, Eugene L. Freeland, Carin T. Fujisaki, John T. Knox, Jan Lewenhaupt, James E. Mahoney, Brian D. Monaghan, Bruce J. Simon, John K. Smith, Tony West, Mary Kay Kane,

and Judy Chapman ("Defendants"), pursuant to Federal Rule of Civil Procedure 24(a) & (b). Defendants do not oppose Outlaw's request to intervene. Having carefully considered the parties' arguments and relevant legal authority, the Court hereby GRANTS the motion to intervene.

## BACKGROUND

HCF, a religious student organization at the Hastings College of the Law of the University of California ("Hastings"), filed an action against Defendants on October 22, 2004 after Hastings refused to recognize HCF as a registered student organization because its constitution violates the school's Policy on Nondiscrimination ("Policy"). (First Amended Verified Complaint for Declaratory and Injunctive Relief ("FAC"), at ¶ 4.5.) HCF is challenging Hastings' Policy on constitutional grounds, as well as seeking a permanent injunction to enjoin Hastings from enforcing its Policy with respect to religion and sexual orientation. (FAC at 12-13, ¶ 4.4.)

Outlaw is a registered student organization at Hastings whose members include gay, lesbian, and bisexual. (Declaration of Michael W. Flynn in support of Hastings Outlaw's Motion to Intervene ("Flynn Decl."), at ¶ 2.) Its purposes include combating discrimination based on sexual orientation. *Id.* Outlaw now moves to intervene in this action as a defendant.

## DISCUSSION

### A.  Outlaw is Entitled to Intervene as of Right

Pursuant to Federal Rule of Civil Procedure 24(a), an applicant seeking to intervene in a pending lawsuit "as of right" must demonstrate that: "(1) it has a significant protectable interest relating to the property or transaction that is the subject matter of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (internal citations omitted).

In evaluating these requirements, courts "are guided primarily by practical and equitable considerations." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Courts generally

construe conflicts in favor of intervention. *United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992). "By allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1496 n.8 (9th Cir. 1995) (citation omitted).

Outlaw has demonstrated to the Court's satisfaction that it meets the four requirements of Rule 24(a). Outlaw has a significant protectable interest in nondiscrimination based on sexual orientation. If HCF prevails and is permitted to violate the Policy, then Outlaw's ability to protect its interests will be potentially impaired and impacted. Outlaw's motion to intervene is timely: litigation on this matter is in the early stages, intervention will not delay the case or prejudice the parties, and Outlaw's reason for delay was adequate. Finally, because Outlaw's interests in the litigation are more narrow and specific to its members, Defendants' representation may be inadequate.

**B.     Outlaw Has a Significant Protectable Interest In Nondiscrimination Based on Sexual Orientation**

"The requirement of a significantly protectable interest is generally satisfied when the 'interest is protectable under some law, and ... there is a relationship between the protected interest and the claims at issue.'" *Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003) (quoting *Sierra Club v. United States EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993). The "relationship" requirement is generally satisfied only if the resolution of the plaintiff's claims will actually affect the applicant. *Id.* The Policy protects Outlaw's members from discrimination on the basis of sexual orientation. Outlaw's interest in having continued protection is related to this litigation because HCF seeks an exemption to the Policy to exclude students who are gay, lesbian or bisexual. The Ninth Circuit has allowed public interest groups to intervene when their purposes were sufficiently related to the challenged government action. *See, e.g. Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397-98 (9th Cir. 1995) (conservation group active in listing the Springs Snail as an endangered species had sufficient

3

interest in suit challenging that listing); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 526-27 (9th Cir. 1983) (Audubon Society devoted to protecting birds and who participated in creation of Birds of Prey Conservation Area had sufficient interest in suit challenging its establishment); *Washington State Bldg. Constr. Trades v. Spellman*, 684 F.2d 627, 630 (9th Cir. 1982) (public interest group that supported the ballot measure prohibiting importation of low-level radioactive waste had sufficient interest in suit challenging its legality); *Idaho v. Freeman*, 625 F.2d 886, 887 (9th Cir. 1980) (National Organization of Women had sufficient interest in suit challenging the validity of the ratification process for the Equal Rights Amendment). Likewise Outlaw, dedicated to fighting and preventing discrimination on the basis of sexual orientation, has a significant protectable interest in this litigation.[1]

### C. The Disposition of the Action May Impair or Impede Outlaw's Ability to Protect Its Interest

The Ninth Circuit approaches the "impair or impede" requirement pragmatically: "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting Fed. R. Civ. P. 24 advisory committee's notes). If HCF is allowed to exclude gay, lesbian, and bisexual students, Outlaw's ability to protect its interest in nondiscrimination on the basis of sexual orientation may be impaired or impeded.

### D. Outlaw's Application Is Timely

The Court must consider three factors in determining the timeliness of a motion to intervene: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (quoting *California Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002)). First, this case is in its early stages. The Court has not yet heard the parties' anticipated motions for

---

[1] Having found a significant protectable interest in nondiscrimination, the Court need not address Outlaw's additional argument regarding its interest in the disbursement of student activity fees.

Case 3:04-cv-04484-JSW   Document 54   Filed 08/01/05   Page 5 of 7

summary judgment and has not yet set a trial date. Second, based on the fact that this case is relatively new, HCF will not suffer significant prejudice. Moreover, Outlaw offered to provide discovery to HCF before the close of discovery. (Rply. Br. at 7.) If HCF believes it needs additional time to conduct discovery, it may seek to extend the discovery deadline. Third, Outlaw explained that it moved to intervene as soon as it became aware that this case would not be fully resolved by Defendants' motion to dismiss, and thus, became concerned that its interests might be adversely affected by the litigation. (*Id.* at 10.) *See United States v. Oregon*, 913 F.2d 576, 589 (9th Cir. 1990) ("A party must act ... as soon as he "knows or has reason to know that his interests might be adversely affected by the outcome of the litigation.") Thus, the Court concludes that Outlaw's motion to intervene is timely. *See Nikon v. ASM Lithography B.V.*, 222 F.R.D. 647, 650 (N.D. Cal. 2004).

### E. Defendants May Not Adequately Represent Outlaw's Interest.

The Ninth Circuit has identified three factors to consider when determining whether existing parties adequately represent an intervenor applicant's interest: "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002) (citations omitted). The requirement "is satisfied if the applicant shows that representation of his interest 'may be' inadequate." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). The burden of making this showing is minimal. *Id.*

There is "an assumption of adequacy when a government agency is acting on behalf of a constituency that it represents." *Arakaki v. Cayetano*, 324 F.3d 1078, 1087 (9th Cir. 2003) (citing *City of Los Angeles*, 288 F.3d at 401). However, this presumption may be overcome where the prospective intervenor's interests may be "more narrow and parochial than the interests of the public at large." *Californians for Safe and Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1190 (9th Cir. 1998); *see also Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995) (citing *Mille Lacs Band of*

*Chippewa Indians v. Minnesota*, 989 F.2d 994, 1000-01 (8th Cir. 1993) (finding that, because the county's and landowners' "local and individual interests" were not shared by the general state citizenry, the State would not adequately represent those interests); *Natural Res. Def. Council v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977) (finding that a good faith disagreement may arise between the Environmental Protection Agency's broad enforcement concerns and the intervenors' more narrow industrial impact concerns); 3B Moore's Federal Practice, ¶ 24.07[4] at 24-78 (2d ed. 1995) ("Inadequate representation is most likely to be found when the applicant asserts a personal interest that does not belong to the general public.").

In *Mendonca*, the court allowed a union to intervene as defendants in an action against state agencies regarding the preemption of California's Prevailing Wage Law ("CPWL"). 152 F.3d at 1190. The court noted that the employment interests of the union members in receiving the prevailing wage were potentially more narrow than the state's broader interest in upholding CPWL generally, and therefore the union had made a sufficient showing of inadequacy. *Id.* As in *Mendonca*, Outlaw's members have a personal interest in the enforcement of the Policy that is more narrow than Defendants' general interest in nondiscrimination because they would be among the students directly affected by HCF's proposed exemption from the Policy. Likewise Defendants' representation may be inadequate.

Additionally, Outlaw offers a necessary perspective on the litigation. In *Sagebrush Rebellion Inc. v. Watt*, the Audubon Society, an organization devoted to protecting birds and their habitats, was entitled to intervene in an action regarding the Birds of Prey Conservation Area. 713 F.2d 525, 526 (9th Cir. 1983). The plaintiff had actively opposed the Secretary of the Interior's creation of the wildlife area, while Audubon Society had promoted it. *Id.* While the Secretary shared Audubon's ultimate interest in preserving the area, the circumstances supported intervention. *Id.* at 528. The Ninth Circuit reasoned that: "[i]n addition to having expertise apart from that of the Secretary, the intervenor offers a perspective which differs materially from that of the present parties to this litigation." *Id.*

Similarly, Outlaw is a student organization devoted to protecting against discrimination on the basis of sexual orientation at Hastings. (Outlaw Br. at 1.) HCF seeks to exclude

members and officers based on their sexual orientation. (*Id.* at 2.) While Defendants have the same ultimate interest in upholding the Policy generally, Outlaw offers a different, particularized perspective, and has therefore met its burden to show inadequate representation.

## CONCLUSION

Accordingly, the Court HEREBY GRANTS Outlaw's motion to intervene as of right and as such will not address permissive intervention pursuant to Rule 24(b). The Court FURTHER ORDERS that Outlaw shall meet and confer with Defendants to avoid duplicative briefing on overlapping issues, where possible.

**IT IS SO ORDERED.**

Dated: July 29, 2005

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE