**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN LEGAL SOCIETY CHAPTER OF UNIVERSITY OF CALIFORNIA, HASTINGS COLLEGE OF THE LAW, a/k/a HASTINGS CHRISTIAN FELLOWSHIP,<br><br>     Plaintiff,<br><br>  v.<br><br>MARY KAY KANE, et al.,<br><br>     Defendants.<br>_____ / | No. C 04-04484 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 2, 2005:

The Court **tentatively DENIES** the motion for summary judgment filed by plaintiff Christian Legal Society Chapter of University of California, Hastings College of the Law, a/k/a Hastings Christian Fellowship ("CLS") and **tentatively GRANTS** the cross-motions for summary judgment filed by defendants Mary Kay Kane, Judy Chapman, Maureen E. Corcoran, Eugene L. Freeland, Carin T. Fujisaki, John T. Knox, Jan Lewenhaupt, James E. Mahoney, Brian D. Monaghan, Bruce L. Simon, John K. Smith, and Tony West and by defendant-intervenor Hastings Outlaw (collectively "Defendants").

Each party will have twenty minutes to address the following questions:

(1) Separate from any claim of expressive association, what speech is allegedly infringed by Hastings' enforcement of its nondiscrimination policy?

(2) To demonstrate Hastings' application of the nondiscrimination policy to CLS is viewpoint discriminatory, CLS argues that Hastings allows other registered student groups to take public positions on various issues. (Plaintiff's Reply & Opposition at 16-17.) Does CLS contend that any other groups have or seek to exclude members or officers based on any characteristics covered by the nondiscrimination policy? If so, on what evidence in the record does it rely?

(3) Does CLS have any authority in addition to the cases cited in its reply brief to support its position that Hastings has created a designated public forum subject to heightened scrutiny as opposed to a limited public forum?

(4) The court in *Boy Scouts of America v. Wyman*, 335 F.3d 80, 91 (2d Cir. 2003), held that *Boy Scouts of America v. Dale*, 530 U.S. 640 (2000), was inapplicable because the government's exclusion of a group from a particular forum did not amount to a compulsion that the group admit certain members. How does CLS distinguish the holding in *Wyman*?

(5) Does CLS dispute that the "hybrid rights" exception to rational basis review for CLS's free exercise claim is inapplicable if the Court determines that none of CLS's other constitutional rights have been violated? Assuming *arguendo* that the "hybrid rights" exception is either invalid or inapplicable, does CLS dispute that its free exercise claim is subject to rational basis review? If so, on what basis?

(6) CLS does not address its equal protection claim in its reply brief. Does CLS concede that its equal protection claim fails as a matter of law? If not, how does CLS respond to Hastings' cross-motion on this claim?

(7)    Do the parties have anything further to add?

Dated: December 1, 2005

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

3