IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN LEGAL SOCIETY CHAPTER OF UNIVERSITY OF CALIFORNIA, HASTINGS COLLEGE OF THE LAW, a/k/a HASTINGS CHRISTIAN FELLOWSHIP,<br><br>Plaintiff,<br><br>v.<br><br>MARY KAY KANE, et al.,<br><br>Defendants.<br>_____/ | No. C 04-04484 JSW<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND OR ALTER JUDGMENT** |

This matter comes before the Court upon consideration of the motion of plaintiff Christian Legal Society Chapter of University of California, Hastings College of the Law, a/k/a Hastings Christian Fellowship ("CLS") to alter or amend the judgment entered in this case based on the Court's order on the parties' cross-motions for summary judgment. Having considered the parties' pleadings, the record in this case, and relevant legal authority, the Court finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b).

CLS moves to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). "A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington Northern Santa Fe Railroad*, 338 F.3d 1058, 1063 (9th Cir. 2003). While "Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877,

890 (9th Cir. 2000) (internal quotations omitted). CLS moves to alter or amend the judgment on the ground that such amendment is necessary to correct a manifest error of law or fact on which the judgment is based. *See id.* Specifically, CLS asks the Court to amend its order on the parties' cross-motions for summary judgment to delete the word "admittedly" from the sentence on the second page of its order, which reads:

> This case concerns whether a religious student organization may compel a public university law school to fund its activities and to allow the group to use the school's name and facilities even though the organization admittedly discriminates in the selection of its members and officers on the basis of religion and sexual orientation.

(Docket No. 124 at 2.)

CLS contends that it never admitted to discriminating on the basis of sexual orientation. However, CLS's original and amended complaint are replete with allegations that: (1) CLS seeks to discriminate in the selection of its members and officers on the basis of religion and sexual orientation; (2) CLS seeks an exemption to Hastings' Nondiscrimination Policy requiring it not to discriminate on the basis of religion and sexual orientation; and (3) Hastings' refusal to grant an exemption and allow CLS to discriminate on the basis of religion and sexual orientation violates CLS's constitutional rights. (*See* Compl., ¶¶ 4.2, 4.9, 4.12, 5.2, 6.2, 7.2, 9.2, 10.2; Amended Compl., ¶¶ 4.2, 4.9, 4.12, 5.2, 6.2, 7.2, 9.2.)[1] These allegations are binding on CLS as judicial admissions. *See American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("Factual assertions in pleadings and pretrial orders, unless amended, are

---

[1] CLS made the following allegations in its complaint:
  4.2.   [CLS] maintained, consistent with a Biblically orthodox faith, that it would still consider religion and sexual orientation in the selection of its officers and members.
  ...
  4.9.   [CLS] objects to the Policy on Nondiscrimination that requires HCF to open its membership and officer positions to all students regardless of religion and sexual orientation.
  ...
  4.12.  By enacting and enforcing the Policy on Nondiscrimination forbidding [CLS] to discriminate on the basis of religion or sexual orientation, refusing to recognize [CLS]'s constitutional right to an exemption from said policy ... Hastings has engaged in discrimination against [CLS] ... .
CLS alleges the language quoted above from paragraph 4.12 or substantially similar language in paragraphs 5.2, 6.2, 7.2, 9.2. and 10.2 of its complaint as well. CLS continued to proffer the same allegations in its amended complaint.

considered judicial admissions conclusively binding on the party who made them. ...A statement in a complaint ... is a judicial admission.").

Moreover, on April 12, 2005, this Court issued an order denying in part and granting in part Defendants' motion to dismiss. In that order, the Court noted that CLS "informed Defendants that it would consider religion and sexual orientation in the selection of its officers and members" and that CLS "admitted to Defendants that it would not abide by the nondiscrimination policy and that it intended to exclude members and officers based on their religion and sexual orientation." (*See* Docket No. 31 at 2, 9.) CLS did not object to the Court's characterization of its allegations in that order.

Even if CLS could change its position and distance itself from its binding admissions at this late stage in the litigation by arguing that it only seeks to discriminate based on "homosexual conduct" rather than sexual orientation, as the Court noted in its order on the parties' cross motions for summary judgment, this is a distinction without a difference. (Docket No. 124 at 11 n.2 (citing *Lawrence v. Texas*, 539 U.S. 558, 583 (2003) (O'Connor, J., concurring) (rejecting attempt to distinguish statute discriminating against "homosexual conduct" from one discriminating on the basis of sexual orientation: "While it is true that the law applies only to conduct, the conduct targeted by this law is conduct that is closely correlated with being homosexual. Under such circumstances, [the State] sodomy law is targeted at more than conduct. It is instead directed toward gay persons as a class."); *see also Karouni v. Gonzales*, 399 F.3d 1163, 1173 (9th Cir. 2005) (finding "no appreciable difference between an individual ... being persecuted for being a homosexual and being persecuted for engaging in homosexual acts").)

///
///
///
///
///
///

3

The Court thus concludes that CLS fails to demonstrate the Court made a "manifest error of ... fact" in its order on the parties' cross-motions for summary judgment. *Turner*, 338 F.3d at 1063. Accordingly, the Court DENIES CLS's motion to alter or amend judgment.

**IT IS SO ORDERED.**

Dated: May 19, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California